SunTrust Bank v Howard (2019 NY Slip Op 04984)





SunTrust Bank v Howard


2019 NY Slip Op 04984


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-00654
 (Index No. 700485/12)

[*1]SunTrust Bank, etc., respondent,
v
Charles W. Howard, appellant.


Profeta & Eisenstein, New York, NY (Fred R. Profeta, Jr., of counsel), for appellant.
Tucker Arensberg, P.C., New York, NY (Jordan S. Blask, Jeremiah J. Vandermark, and Troutman Sanders LLP [Stephen J. Steinlight], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and to recover on an account stated, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 12, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
In March 2009, the defendant purchased a yacht for $1,825,000, and executed a ship mortgage in favor of the plaintiff to secure payment of approximately $1,460,000. On his original loan application, the defendant listed a home address on Channel Road in Broad Channel, and a business address on Cross Bay Boulevard in Broad Channel. On a subsequent application for refinancing, the defendant listed the Cross Bay Boulevard address as his home address. The Cross Bay Boulevard address also appeared on the first note and mortgage as the defendant's residential address, and was the address listed on the second note and mortgage. After the loan was refinanced, the plaintiff agreed to send the defendant a coupon book. An employee of the plaintiff prepared a file note regarding an address change for the coupon book, stating: "Pls change address to [the Cross Bay Boulevard address]."
The defendant allegedly defaulted on the loan on February 8, 2011. An order to repossess, dated March 8, 2011, listed the Cross Bay Boulevard address as the defendant's home address. However, the plaintiff sent the defendant a notice of default, acceleration, repossession, and intent to sell to the home address listed on the defendant's original loan application. The notice was returned by the United States Postal Service, which listed a forwarding address in Belle Harbor. In May 2011, the yacht was sold for $975,000, and the plaintiff sent the defendant a letter of deficiency, listing a deficiency in the sum of $565,077.92. Like the notice of disposition, the notice of deficiency was sent to the home address listed on the defendant's original loan application, and the notice was returned by the United States Postal Service. The plaintiff never sent the notices to the forwarding address because that address was not provided to it by the defendant. The defendant contended that he never received the notices and was completely unaware that the plaintiff repossessed the yacht or intended to sell it until he received an email from a representative of the new owner on May 31, 2011.
In June 2012, the plaintiff commenced this action to recover damages for breach of [*2]contract and to recover on an account stated, seeking a deficiency judgment in the sum of $535,135.09 against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the notice of the sale was not commercially reasonable, and noting that the plaintiff's employee, at her deposition, stated that notices of foreclosure are sent to the billing address, which in this case was the Cross Bay Boulevard address. In opposition, the plaintiff contended that Virginia law, which governed the note, required the plaintiff to send notices to the defendant's residential address. The plaintiff further argued that under paragraph 13 of the mortgage agreement, the defendant was required to provide "such other instruments and assurances as Mortgagee may require to perfect or continue this lien," which the plaintiff asserted included his residential address.
The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, concluding that the defendant failed to fulfill his obligation to notify the plaintiff of the change in his residential address, and under Virginia law, the notice had to be sent to his residential address, not his business address. The court determined that the conduct of the plaintiff was not considerate or prudent, but all that was required of the plaintiff was commercially reasonable conduct. The defendant appeals.
The note provided that it was "governed by the internal law of the Commonwealth of Virginia and applicable federal law," and the parties do not dispute that the Uniform Commercial Code of Virginia governs this dispute. Virginia law requires the creditor to "provide notice to the debtor [of the planned disposition] 10 days before doing so" (Barnette v Brook Rd., Inc. , 457 F Supp 2d 647, 659 [ED Va], citing VA Code Ann §§ 8.9A-609, 8.9A-611-8.9A-614; see Garcia v U.S. Bank , 141 F Supp 3d 490, 495 [ED Va]; Cappo Mgt. V, Inc. v Britt , 282 Va 33, 40, 711 SE2d 209, 212). "Notice sent to an incorrect address is insufficient" (In re Phelps , 186 BR 655, 658 [Bankr ED Va]).
The plaintiff argued that Virginia law required it to send notice to the defendant's residential address, not his business address, and that the notice was sent to the home address of record. It relied on a provision in the Uniform Commercial Code of Virginia that provides that "[a] debtor who is an individual is located at the individual's principal residence" (VA Code Ann § 8.9A-307[b][1]). However, as the defendant argued, that definition "applies only for purposes of [that] part" (id. at [k]). As explained in a comment to the Uniform Commercial Code of Virginia, that section "determines the location of the debtor for choice-of-law purposes, but not for other purposes" (VA Code Ann § 8.9A-307, Comment). Accordingly, the Supreme Court erred in deciding that, "[u]nder Virginia UCC requirements, the defendant was located at his principal residence, where the bank was required to send notices." Rather, the plaintiff was required to send the pre- and post-disposition notices to an "address reasonable under the circumstances" (VA Code Ann § 8.9A-102[a][75][A]).
In this case, it is clear from the record, and should have been clear to the plaintiff, that the home address listed on the defendant's original loan application was not a correct address, and that the written notice sent to that address would not reach the defendant. The plaintiff attempted to fault the defendant—arguing that the defendant was required to provide an accurate residential address and failed to do so. However, the record contains no clear expression of that requirement in the loan documents.
Moreover, even assuming a home address was required, on the application for refinancing, the defendant listed the Cross Bay Boulevard address as his home address. The Cross Bay Boulevard address also appeared on the first note and mortgage as the defendant's residential address, and was the address listed on the second note and mortgage. Hence, the plaintiff, having accepted the use of the Cross Bay Boulevard address as a residential address, should have mailed the default and disposition notices to the Cross Bay Boulevard address. Furthermore, the plaintiff's employee testified at her deposition that foreclosure notices would be sent to the address printed on the payment coupon book, which, in this case, the plaintiff had, at the defendant's request, reissued to reflect a change of address to the Cross Bay Boulevard address. Accordingly, it cannot be said that the notice provided to the defendant was reasonable.
Further, there is no evidence in the record of actual notice prior to the sale. The [*3]Supreme Court noted that on June 2, 2011, the defendant called the plaintiff to determine if the yacht had been repossessed, indicating he had actual notice. However, that phone call occurred after the sale of the yacht in May 2011, and after the defendant learned that the yacht was being operated by a person unknown to, and unauthorized by, the defendant.
The fact that reasonable notice was not given gave rise to a rebuttable presumption that the value of the collateral equaled the indebtedness secured and, therefore, that there should not be a deficiency judgment (see Woodward v Resource Bank , 246 Va 481, 488, 436 SE2d 613, 617). On this point, the plaintiff produced an appraisal that the yacht was worth $1,199,999. It was sold for $975,000. The defendant asserted that comparable models sold for more than $2,000,000, and that he put in $200,000 in upgrades. He further noted that he paid more than $1,800,000 for the yacht when he purchased it two years before the sale. In view of the foregoing, the plaintiff failed to rebut the presumption.
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court